UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY _____ D.C.
JUL 11 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

RICKY JERMAINE ATKINS,

    Petitioner,

v.                      CASE NO.: 1:14-CR-20895-MGC

UNITED STATES OF AMERICA,

    Respondent.

PETITION TO VACATE, SET ASIDE AND/OR
CORRECT SENTENCE IN LIGHT OF THE UNITED STATES
SUPREME COURT DECISION IN HEMPHILL v. NEW YORK
20-637 REGARDING THE "SIXTH AMENDMENT's"
CONFRONTATION CLAUSE

COMES NOW, Ricky Jermaine Atkins, Petitioner Pro se, humbly move this Court to Vacate, Set Aside and/or Correct his sentence in light of the United States Supreme Court decision in **Hemphill v. New York**, 20-637 2022. Petitioner files this petition pursuant to the Constitutional Interpretation rendered in "**Hemphill**" that he has standing to make his claims. As his right to confront his accuser and his right to effective assistance of counsel were violated during his jury trial, and were his rights and guarantees not violated the outcome would have been completely different. The following is averred: This petition is made pursuant to a newly intervening change of Constitutional Law. Also, this is not a Second or Successive motion, See **Magwood v. Patterson**, 561 U.S. 320, 331-32, nor is this a State matter.

In support, Petitioner would show the following:

## I. HISTORY

On December 10, 2014, Petitioner was indicted for conspiracy to engage in sex trafficking of minors in violation of 18 U.S.C. §1591(c) (Count 1); and two counts of sex trafficking of a minor in violation of 18 U.S.C. §§1591(a)(1) & (b)(2) (Counts 2-3) (cr. DE3).

On October 29, 2015, the jury returned a guilty verdict on all three counts (cr. DE199).

On February 17, 2016, Petitioner was sentenced to 380 months' imprisonment (cr. DE164;187).

## II. GROUNDS FOR GRANTING PETITION

The Supreme Court recognizes two classes of Constitutional violations that occur during criminal proceedings, trial errors and structural defects. A trial error is an error that may be assessed in the context of the evidence presented and is subject to a harmless error analysis. The test for whether an error is harmless is whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained. "An alternative wording for this inquiry is whether it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." **Pinkerton v. United States**, 328 U.S. 640 (1946).

In contrast "The cumulative error doctrine provides that an aggregation of non-reversable errors (i.e. plain errors failing to necessitate reversal and harmless error) can yield a denial of the Constitutional Right to a fair trial, which calls for reversal." **United States v. Margarita Garcia**, 906 F.3d 1255, 1280

(11th Cir. 2019) (quotation omitted). The Eleventh Circuit have stated, "For a factual finding to be clearly erroneous, we must be left with a definite and firm conviction that the court made a mistake." **United States v. Tejas**, 868 F.3d 1246, 1244 (11th Cir. 2017) (per curiam).

Fed. R. Crim. P. 52(b) provides that a plain error that effects substantial rights may be considered even though it was not brought to the District Court's attention. In **United States v. Olano**, the Supreme Court establishes three (3) conditions that must be met before a court may consider exercising its discretion to correct the error. First, there must be an error that has not been intentionally relinquished or abandoned. Second, the error must be plain--that is to say, clear or obvious. Third, the error must have affected the defendant's substantial rights. To satisfy the third condition, the defendant ordinarily must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different. Once those three conditions have been met, the court of appeals should exercise its discretion to correct the forfeited error if the errors seriously affects the fairness, integrity, or public reputation of judicial proceedings. (Sotomayor J., joined by Roberts, Ch. J., and Kennedy, Ginsburg, Breyer, Kagan, and Gorsuch, JJ.) **United States v. Rosales-Mireles**, 138 S.Ct. 1897; 201 L.Ed.2d 376 (2018).

The Confrontation Clause commands that testimonial evidence be tested "in the crucible of cross-examination." **Crawford v. Washington**, 541 U.S. 36, 61 (2004). If the government elects to introduce out-of-court statements to attempt to provide context for its investigation, its use must be "circumspect" and "limited"

-3-

Jones, 930 F.3d at 377 (quotation omitted). Trial courts must be vigilant in preventing...abuse" to avoid "the backdoor introduction of highly inculpatory statements." Id. (quotation omitted). Errors in cross-examination of witnesses are prejudicial especially when they affect substantial rights of defendant. At Mr. Atkins trial the government stated to the jury:

> "You're going to hear in this case directly from Ms. Simon, who has herself plead guilty and been convicted in this case and you're going to hear from her exactly what happened...(cr. DE191)

The District Court violated Petitioner's right of Confrontation by never presenting this witness (Ms. Simon) who's testimony the Court allowed in through hearsay by witnesses. Ms. Simon was still within the jurisdiction of the District Court, but was never cross-examined nor confronted by Petitioner. Had Petitioner been allowed to vigorously cross-examine Ms. Simon about her own prostitution activities in addition to any incentives she may receive for her assistance, the jury would have discerned that it was in fact a matter of plausible deniability. Had defense counsel objected to the unavailability of Ms. Simon, as well as the fact that her absence could not be attributed to Petitioner in any way: **Giles v. California**, 554 U.S. 36, 61, and were it not for the Sixth Amendment violations, overall Due Process and Equal Protection violations the outcome would have been different, and Petitioner would have been exonerated. Especially whereas Ms. Simon was never presented to the jury to corroborate either count(s) beyond a reasonable doubt (as instructed by the government and the trial judge), In Re: **Winship** 397 U.S. 358 (1970), which would have precluded Petitioner from being found

guilty at the very least on counts two and three, and thus receiving a 380 months' sentence.

## III. CLAIM ONE

### INEFFECTIVE ASSISTANCE OF COUNSEL WHERE DEFENSE COUNSEL FAILED TO VIGOROUSLY CROSS-EXAMINE MS. SIMON ABOUT HER ASSISTANCE, PROSTITUTION ACTIVITIES, AND INVOLVEMENT WITH MINOR VICTIMS G.W. AND L.P..

In **United States v. Evans**, 950 F.2d 187, 191 (5th Cir. 1991), the court explained that "inadmissible hearsay points directly at the defendant and his guilt." **United States v. Kenneth Hammann**, No. 21-50122. The Courts have long recognized that "testimony tend[ing] to point directly to a [defendant's guilt is] purely hearsay evidence of that fact." **United States v. Gomez**, 529 F.2d 412, 416 (5th Cir. 1976). The government may not introduce "highly inculpatory out-of-court statement[s]" and call them nonhearsay context because their value for that purpose "pale[s] in comparison to the risk that the jury will consider" them for the truth of the matters asserted. Id.

So as far as the Confrontation Clause is concerned, Simon's alleged testimony was offered for the truth of the matters asserted. Conversely, it is harmful where it "directly inculpated [the defendant] in [a] contested element of [the offense]." **Jones**, 930 F.3d at 380. Seeing how the government moved for a downward departure pursuant to U.S.S.G. §5K1.1 as a result of Ms. Simon's substantial assistance in the prosecution of Petitioner, the government explained her cooperation. "She did agree to testify at trial against Mr. Atkins, and I know that she was right here, and she was prepared to testify, if necessary." (Simon Sent. tr. @28). At no fault of Petitioner Ms. Simon never gave her testimony

and the government along with the trial judge misled the jury to believe that they would hear "directly" from Ms. Simon. Even though **counsel objected to** G.W.'s statement of Ms. Simon's **involvement,** the government and the court repeatedly informed the jury that they would hear from Ms. Simon herself. The government further explained "although the Government elected not to call Ms. Simon as a witness, it was not because of any concerns about Ms. Simon's truthfulness or veracity. It was purely a decision about how best to put on the evidence in the case and what would be best for the trial in Mr. Atkins' case, but had nothing to do with any concerns about Ms. Simon's truthfulness." Id. at 29. (DK#7 p.5) By denying Petitioner the chance to cross-examine and confront a witness which the government and trial court continuously mentioned **would** be heard by the jury, Mr. Atkins Fifth and Sixth Amendments Constitutional Rights were violated. In so, such violation denied the jury the opportunity to evaluate that testimony for itself, in essence, prevented the jury from having all relevant evidence before reaching a verdict. Had Ms. Simon actually testified in open court at Mr. Atkins trial the outcome of this case would have been completely different. The prejudice caused by counsel's failure and the court misleading the jury of a non-testifying witness is highly immeasurable given Petitioner's conviction and sentence, and this petition should be **granted** and this case remanded for an evidentiary hearing on the grounds of the fact stated within.

## IV. CLAIM TWO

**INEFFECTIVE ASSISTANCE OF COUNSEL WHERE DEFENSE COUNSEL NEVER OBJECTED TO MS. SIMON BEING REFERENCED AS A CO-CONSPIRATOR OR WITNESS, FAILING TO CALL MS. SIMON IN HIS DEFENSE, AND OBJECTING TO MS. SIMON's AVAILABILITY, ESPECIALLY SINCE MS. SIMON WAS SUBPOENAED BY THE COURT TO TESTIFY AGAINST PETITIONER.**

The principal evil at which the Confrontation Clause was directed was the civil law mode of criminal procedure, and particularly its use of ex parte examinations as evidence [such as occurred in the instant case] against the accused. **Crawford v. Washington**, 541 U.S. 36. The framers would not have allowed allegations or admission of testimonial statements of Ms. Simon, who did not appear at trial, who was unavailable to testify through no fault of Petitioner, and who the Petitioner did not have the opportunity to cross-examine, through a third-party witness. Such admission of testimony should be examined through the lens of hearsay. Defense counsel knew or should have known that he must object to omissions in the court's charge, here in the instant case counsel failed to object to the court not giving the missing witness charge to the jury and stating distinctly the grounds of the objections. Although there is no need to object to a court's specific denial of a request for a jury instruction, counsel didn't even try. The presentation of the request and its denial would have been sufficient to preserve the issue on appeal. **United States v. Grigsby**, 111 F.3d 806 (11th Cir. 1994). Had counsel asked for the instruction as to the missing witness, (being that the court mentioned numerous times that Ms. Simon would be heard) the outcome would have been different and Petitioner would not have been found guilty of

-7-

the count involving Ms. Simon or at the very least created reasonable doubt. Furthermore, any impairment caused by counsel's failure to object to the court not giving the missing witness charge to the jury, did in fact, prejudice Petitioner, because Ms. Simon's testimony would have been critical evidence. When counsel's performance deprives a defendant of an objection that could have been sustained then that is prejudice even if the defendant cannot point to any meritorious argument for an appeal.

"Tribunals passing on the guilt of a defendant always have been hedged in by strict evidentiary procedural limitations,' **Williams v. New York**, 337 U.S. 241, 246, 69 S. Ct. 1079, 93 L.Ed. 1337 (1949), and rightfully so because the criminal trial is the means by which we determine the guilt of someone presumed innocent, we afford the defendant a host of evidentiary protections designed to ensure that society's affixation of wrongdoing is accurately made. The defendant's right to be "confronted with the witness against him" is among these protections. U.S. Const. amend. VI.. By giving the accused the power to cross-examine those providing evidence against him at trial, the Confrontation Clause affords him the "greatest legal engine ever invented for the discovery of truth." **California v. Green**, 399 U.S. 149, 158, 90 S. Ct. 1930, 26 L.Ed.2d 489 (1970) (quoting 5 J. Wigmore, Evidence §1367 (3d ed. 1940)). "See **United States v. Soloman Powell**, 650 F.3d 388 (2011).

## V. CONCLUSION

The right to effective counsel is such an important right that the Founders enshrined it within the Sixth Amendment to the U.S. Constitution. They understood that it was imperative a criminal defendant receive effective counsel because of the overwhelming power of the State and Federal government in prosecuting a comparatively powerless individual. It is a cornerstone of the United States of America judicial system and a right that the Courts must ensure is protected. In the instant case, Petitioner received anything but effective assistance of counsel from his attorney, as is evidenced by the facts, cumulative errors, and omissions of counsel that permeated the underlying proceedings. Petitioner respectfully request that this petition be **GRANTED**, his conviction and sentences be vacated, and this matter remanded for further proceedings, at the very least issue an order granting an evidentiary hearing.

Executed on this 5 day of July, 2022.

Ricky Jermaine Atkins
Reg. #: 07156-104
FCI Jesup-Medium
2680 U.S. Hwy. 301 S.
Jesup, GA 31599

## CERTIFICATE OF SERVICE

    I, Ricky Jermaine Atkins, certify under penalty of perjury pursuant to 28 U.S.C. §1746, that the foregoing is true and correct that this "PETITION IN LIGHT OF HEMPHILL v. NEW YORK..." was deposited in the FCI Jesup-Medium prison mailing system, with adequate postage to effectuate delivery via U.S. mail addressed to the U.S. District Court, Southern District of Florida, U.S. Courthouse, 400 North Miami Avenue, Miami, Florida 33128. The original was filed with the Clerk of the Court using U.S. Postal Service in accordance with **Houston v. Lack**, 487 U.S. 266, 108 S. Ct. 2379, 101 L.Ed.2d. 245 (1988).

    Signed and dated this __5__ day of __July__ 2022.

                                      Respectfully submitted,

                                      */s/ Ricky Atkins*
                                      Ricky Jermaine Atkins

RICKY JERMAINE ATKINS
Reg. #: 07156-104
Federal Correctional Institution Jesup
2680 U.S. Highway 301 South
Jesup, Georgia 31599

*LEGAL MAIL*

CERTIFIED MAIL
7020 2450 0001 3527 0000

United States District Court
Southern District of Florida
U.S. Courthouse
400 North Miami Avenue
Miami, Florida 33128